VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment reversed, with costs, and with leave to defendant to withdraw demurrer and answer on payment of costs of appeal and in the court below.

---

In the Matter of the Estate of JOHN CALLAHAN, Deceased.

MARY A. McGUIRE, as Executrix, etc., of JOHN CALLAHAN, Deceased, Appellant; LOUISA LEACH, Respondent.

*Executors and administrators — claims against a decedent — when deemed established — a denial in an action not a rejection under the statute.*

A party against whom an action was brought died before the trial. The action was revived against his executrix, who served a verified answer denying the claim. This action was discontinued in 1889.

In April, 1891, the creditor presented her claim to the executrix, who took no action thereon, and in February, 1892, the creditor, upon a statement that eighteen months had elapsed since the executrix was appointed and that she had not accounted, obtained an order that the executrix account.

A referee, to whom her account was referred, found that the creditor's claim was established, and from the decree affirming the referee's report the executrix appealed.

*Held,* that the action, and the denial interposed to the claim by the executrix by her answer in that action, was not a rejection under the statute;

That as a reasonable time had elapsed during which the executrix neither rejected the claim nor offered to refer it, the claim must be deemed to be established.

APPEAL by Mary A. McGuire, as executrix of the last will and testament of John Callahan, deceased, from a decree of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 5th day of December, 1894, settling the accounts of said executrix.

The case is reported before in 66 Hun, 118, and 139 N. Y. 51.

*W. R. Page,* for the appellant.

*W. W. Niles, Jr.,* for the creditor, respondent.

VAN BRUNT, P. J.:

In December, 1888, the respondent offered certain real estate at auction by R. V. Harnett & Co., auctioneers. It was knocked down to John Callahan, the appellant's testator, who made a payment to the auctioneers on account of the purchase money. He thereafter refused to complete the purchase on the ground that the title to said real estate was defective. The property was then resold and brought a price lower than that which Callahan had bid. On the 20th of February, 1889, the respondent brought an action in the Court of Common Pleas against Callahan demanding judgment for the deficiency between the two sales and for the expenses of the resale. Callahan died in April, 1889, before the trial of the action. The appellant was appointed his executrix, and the action was revived against her as such executrix. An amended complaint was served setting up the same cause of action, and in July, 1889, the defendant appeared and served a verified answer denying the cause of action. On the 1st of August, 1889, the plaintiff therein moved to discontinue the action in the Court of Common Pleas, which motion was granted and an order thereupon entered.

Subsequently, in August, 1889, the respondent brought an action in the same court against the auctioneers, setting up substantially the same cause of action and demanding the payment to her of the amount deposited by Callahan upon said sale. The issues were tried in February, 1891, and the plaintiff's complaint was dismissed at the close of her case.

First Department, May Term, 1895.　　　　　[Vol. 87.

In April, 1891, the respondent served upon the executrix a statement of her claim against the estate of John Callahan. This claim the executrix never rejected or offered to refer. On the 3d of February, 1892, the respondent presented a petition to the surrogate stating that she was a creditor of John Callahan, deceased; that more than eighteen months had elapsed since the appointment of the executrix, and that she had not accounted, and praying for a judicial settlement of the account. A citation was thereupon issued to the executrix, certain proceedings were had and the executrix was ordered to file her account. The executrix then filed her account and the petitioner objected to it upon the ground that it did not state the amount or nature of her claim. The objections were referred to a referee who found that the claim of the respondent had been established against the estate of the decedent and should be paid. This report was confirmed and a decree thereupon entered; and from that decree this appeal is taken.

It seems to be assumed or claimed that the denial of the creditor's claim in the action in the Court of Common Pleas was equivalent to a rejection of the same. But the difficulty about the position of the appellant is, that the proceeding in the Court of Common Pleas was not under the statute. That action was discontinued, the respondent preferring to pursue her claim against the estate under the statute. She then presented her claim to the executrix and the executrix neither rejected or offered to refer the same; and after the lapse of a reasonable time, no action being taken upon it by the executrix, it became established. The answer in the action in the Court of Common Pleas had nothing to do with the proceeding under the statute. The executrix was bound within a reasonable time to reject or offer to refer. If she did not she admitted the claim; and this was the condition of affairs which appeared before the surrogate, and he was clearly right in directing its payment.

The decree appealed from should be affirmed, with costs.

O'Brien and Parker, JJ., concurred.

Decree affirmed, with costs.